ERR:hkp

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 00-6010-CR-FERGUSON/SNOW

UNITED STATES OF AMERICA, :
:
    Plaintiff, :
:
vs. :
:
VINCENT HUNTER, and :
KENTORICE WILLIAMS :
:
    Defendants. :
_____ :



GOVERNMENT'S RESPONSE TO
THE STANDING DISCOVERY ORDER

    The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

    A.    1.    Enclosed, please find copies of audio tapes which contain recordings of conversations relevant to the above-captioned case.

           2.    The government is unaware of any oral statements made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent that the government intends to use at trial.

           3.    No defendant testified before the Grand Jury.

           4.    The NCIC record of the defendant is attached.

           5.    Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected at a mutually convenient time at the Office of the United States Attorney, 500 East Broward Boulevard, Suite 700, Fort Lauderdale,

    Florida. Please call the undersigned to set up a date and time that is convenient to both parties.

    The attachments to this discovery response are not necessarily copies of all the books, papers, documents, etc., that the government may intend to introduce at trial.

  6.  A laboratory analysis reports regarding the cocaine base in connection with this case is attached.

B.  DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C.  The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and <u>United States v. Agurs</u>, 427 U.S. 97 (1976).

D.  The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of <u>Giglio v. United States</u>, 405 U.S. 150 (1972), or <u>Napue v. Illinois</u>, 360 U.S. 264 (1959).

E.  The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F.  No defendant was identified in a lineup, show up, photo spread or similar identification proceedings.

G.  The government has advised its agents and officers involved in this case to preserve all rough notes.

H.  The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

I.  The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J.  The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K.  The government will, upon defense request, deliver to any laboratory presently registered with the Attorney General in compliance with 21 U.S.C. § 822 and § 823 and 21 C.F.R. 1301.13, a sufficient representative sample of any alleged contraband which is the subject of this indictment to allow independent chemical analysis of such sample.

If there is no response within ten (10) days from the date of the Certificate of Service attached hereto, the bulk of the contraband/narcotics will be destroyed. As usual, random samples will be set aside to be used as evidence at trial.

L.  The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession.

M.  The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.

N.  To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial.

O.  The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

The government hereby requests that the defense stipulate to the laboratory reports.

P.  At the discovery conference scheduled in Section A.5, above, the government will seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense was:

3

Date & Place:  June 7, 1999, August 9, 1999 at 9th St & 10th Terr.
Sept 1, 1999 at 8th St & 10th Terr.

Respectfully submitted.

THOMAS E. SCOTT
UNITED STATES ATTORNEY

By: _____
EDWARD R. RYAN
Assistant United States Attorney
Court Bar No. A5000053
500 E. Broward Boulevard, Suite 700
Fort Lauderdale, Florida 33394
Telephone: (954) 356-7255x3514
Facsimilie: (954) 3456-7336
E-Mail Address:
Edward.Ryan@justice.usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was delivered by United States mail this 23rd day of February, 2000, to:

Christopher Grillo, Esquire
Attorney for Kentroice Williams
One East Broward Boulevard, #700
Fort Lauderdale, Florida 33301

and
Michael Smith
Attorney for Vincent Hunter
633 SE 3rd Avenue, Suite 4F
Fort Lauderdale, Florida 33301

_____
EDWARD R. RYAN
Assistant United States Attorney

4