UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division
CASE NO.: 00-6010-CR-FERGUSON / SNOW

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

VINCENT HUNTER,

    Defendant.
_____/



### DEFENDANT HUNTER'S OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT

COMES NOW the Defendant, VINCENT HUNTER, by and through undersigned appointed counsel, pursuant to Rule 32(c)(3)(D) of the Federal Rules of Criminal Procedure, and respectfully files his objections to the PSI, and in support thereof says:

### BASE OFFENSE CONDUCT

1.    As set forth in the Offense Conduct of the PSI, the Defendant sold 7 grams of crack cocaine on June 7, 1999 (paragraph 7 of the PSI), was present with Fritz Pierre on August 9, 1999, when Mr. Pierre sold 23.9 grams of crack cocaine (paragraph 8 of the PSI), and, on September 1, 1999, the Defendant was present with the co-defendant, Kentorice Williams, when the co-defendant apparently sold



12.9 grams of crack cocaine (paragraph 9 of the PSI). Accordingly, the Defendant objects to paragraphs 16 and 21 of the PSI reflecting an adjusted base offense level of 30 for an offense involving at least 35 grams but less that 50 grams of cocaine base. Defendant respectfully suggests that his relevant conduct is 7 grams, 19.9 grams or 30.9 grams of crack cocaine only, the appropriate Offense Level 26 or 28.

## APPRENDI

2. The Defendant objects to any mandatory/minimum sentence and/or the imposition of any sentence under the Sentencing Guidelines pursuant to Apprendi v. New Jersey, 120 S.Ct. 2348 (2000); Jones v. United States, 526 U.S. 227 (1999); Castillo v. United States, 120 S.Ct. 2090 (2000); Carless Jones v. United States, 120 S.Ct. 2739 (2000); United States v. Rodgers, 228 F.3d 1318 (11th Cir. 2000); United States v. Swatzie, 228 F.3d 1278 (11TH Cir. 2000); and United States v. Nealy, No. 99-15211, 200 WL 1670932. The Indictment in this case did not allege any quantity of a controlled substance which would trigger a mandatory/minimum sentence or a sentencing enhancement of any sort. In contrast to Jones, it did not even mention § 841(b)(1) which specifies the penalties for a violation of § 841(a). The Defendant submits that any sentence must be imposed without the statutory minimum and without any enhancements based upon quantity

2

and that the appropriate offense level under the <u>Apprendi</u> objection is an Offense Level 12.

## ACCEPTANCE OF RESPONSIBILITY

3.      Defendant objects to paragraph 23 of the PSI where he is accorded no downward departure for Acceptance of Responsibility pursuant to U.S.S.G. § 3E1.1, despite of having pled guilty and in spite of having given a full accounting of his involvement to the government and having cooperated and always been able and willing to further cooperate in this and other cases. The Probation Office suggests penalizing this Defendant for his personal drug use and arrest while on bond. The Defendant submits that he is taking appropriate stops to avoid the accusatory finger of law enforcement as well as the enticements of drug use. According the Defendant an appropriate downward adjustment for having pled guilty is discretionary with this Court and should be granted herein.

## SAFETY VALVE

4.      As currently set forth in the PSI, the Defendant is not eligible for Safety Valve treatment with the corresponding two level decrease in the offense level pursuant to U.S.S.G. §§ 2D1.1 and 5C1.2. Presently, the Defendant is accorded one disqualifying point in his Criminal History for his January 19, 2000, arrest for possession of a small amount of marijuana (paragraph 26 of the PSI).

As set forth in the attached Composite Exhibit "A", Petition for Writ of Error Coram Nobis (Motion to Vacate Guilty Plea and Sentence Pursuant to Rule 3.850)), on October 13, 2000, the Defendant filed with the state court his Petition to vacate the conviction and sentence as a result of an uncounseled and unknowing plea to simple possession of marijuana a few months ago. His conviction was without counsel and unknowingly made and is presently pending appeal. That matter has not been finally adjudicated and Defendant should not be assessed any Criminal History points based on this ongoing litigation. It is anticipated that the state court matter will be resolved shortly. It was always anticipated that the Defendant would qualify for Safety Valve and it was the goal of the defense (and it is suggested, the government) to accord the Defendant Safety Valve consideration. The government does not oppose a continuance of the sentencing to allow the Defendant to litigate this very important issue so that he will qualify for Safety Valve consideration by this Court.

## CRIMINAL HISTORY

5.    The Defendant objects to paragraph 26 of the PSI and its assessment of one criminal history point for an uncounseled "disposition" of a marijuana possession case. (See argument above.)

WHEREFORE, based on the above and foregoing, the Defendant, VINCENT HUNTER, respectfully requests the relief herein sought.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing was mailed this 11th day of December, 2000 to Ed Ryan, Esquire, Assistant U.S. Attorney, 500 East Broward Blvd., 7th Floor, Fort Lauderdale, Florida 33394 and to Darwin Crenshaw, U.S. Probation, 299 East Broward Blvd., Fort Lauderdale, Florida 33301.

Michael G. Smith
FBN: 265802
633 Southeast Third Avenue
Suite 4-F
Fort Lauderdale, FL 33301
(954)764-0033
(954)764-2590 - fax

IN THE COUNTY COURT OF THE 17TH JUDICIAL
CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

STATE OF FLORIDA,    Case No.: 00-1665MM10A
    Plaintiff,
vs.    JUDGE: MURPHY

VINCENT HUNTER,

    Defendant.
_____/

### DEFENDANT HUNTER'S PETITION
### FOR WRIT OF ERROR CORAM NOBIS
(Motion To Vacate Guilty Plea & Sentence Pursuant To Rule 3.850)

Defendant, VINCENT HUNTER, pro se, respectfully moves this Honorable Court to set aside the guilty plea and sentence rendered in this matter on March 14, 2000. As grounds in support of this motion the defendant would state the following:

### JURISDICTION

The defendant is presently not in custody, therefore, a Motion To Vacate Guilty Plea and Sentence Pursuant to Rule 3.850 should be presented to this Court as a Writ of Error Coram Nobis. Hallman v. State, 371 So. 2d 484 (Fla. 1979). In Dugart v. State, 578 So.2d 789 (4th DCA 1991), the Fourth District Court of Appeals determined that Florida Rule of Criminal Procedure 3.850 has supplanted the Writ of Error Coram Nobis; however, "the only currently viable use for this writ is where the defendant is no longer in custody, thereby precluding the use of


Composite Ex. A

Rule 3.850 as a remedy." State .v Richardson, 546 So.2d 1039. The Fourth District, citing Dequesada v. State, 444 So.2d 575 (2d DCA 1984), held that a claim of ineffective assistance of counsel may support a petition for Writ of Error Coram Nobis provided that the defendant is no longer in custody and the petition is supported by adequate factual allegations. See also, Weir v. State, 319 So.2d 80 (Fla. 2d DCA 1975). Based on the foregoing, the defendant herein has filed his request as a Writ of Error Coram Nobis as mandated by the cited case law.

1. The defendant was arrested and charged with Possession of Cannabis under 20 grams.

2. The defendant was never represented by, nor had he consulted with, an attorney.

3. The defendant plead nolo contendre or guilty and judgment was entered on March 14, 2000. He was sentenced to a fine and court costs and it appears adjudication was withheld.

4. Prior to entering into the plea, the defendant was not afforded an opportunity to speak with an attorney regarding possible consequences of his plea, including federal ramifications as a result of his uncounseled plea.

5. Without any further investigation in the case, the defendant entered his

plea to the charges, accepting the State's offer. Therefore, there was no trial in this case.

6. Had the defendant known that his guilty plea, despite the withhold of adjudication, affected his record he would not have entered said plea. After obtaining credible legal advice the defendant became aware of the effects of the plea and sentence. Additionally, the defendant feels that the court failed to properly advise him of the effects of the plea and possible federal consequences.

7. As soon as the defendant became aware of the effects of his plea, he sought to address the matter. A reasonable review of the facts require that the existing plea be vacated.

8. The defendant relies upon the case of State v. Sallato, 519 So.2d 605 (Fla. 1988), and, particularly, in Dugart v. State, supra, wherein the Supreme Court of Florida and the Fourth District respectively allowed the Defendant to withdraw a plea when the defendant was given positive misadvise by this trial attorney terminating his chances of becoming a permanent United States resident or citizen. Had the court been aware of the fact that the defendant had a well grounded and reasonable belief that this plea would have adverse federal

consequences, it would not have been able to enter the judgment as it now stands. The positive misadvise was known to the trial court, and unknown to the defendant until October, 2000, thus meeting the requirements for a Writ of Error Coram Nobis. See Rus v. State, 95 So.2d 597 (Fla. 1957), See Dugart at 792.

9. The lack of legal advice resulted in the entry of a guilty or nolo contendere plea which was not made intelligently and voluntarily with full understanding of the nature of the charges and the consequences of the plea. This failure to instruct as to the consequences has resulted in strong prejudice to the defendant, and he would have vigorously fought the charges or sought a better plea from the State had he been informed of the federal consequences of his guilty plea.

WHEREFORE, the defendant, VINCENT HUNTER, respectfully requests this Honorable Court to grant this Petition for Writ of Error Coram Nobis and set aside the conviction and sentence in this case and grant the defendant a new trial.

STATE OF FLORIDA )
COUNTY OF BROWARD )

Before me, the undersigned authority, this day personally appeared, VINCENT HUNGER, who first being duly sworn, says that the has read the foregoing Writ of Error Coram Nobis, and has personal knowledge of the facts and matters therein set forth and alleged and that each and all of these facts and matters are true and correct

VINCENT HUNTER

THE FOREGOING instrument was acknowledged before me this /2 day of October, 2000, by VINCENT HUNTER, who is personally known to me or produced identification _FDL H 536·870-80: 475-0_

NOTARY PUBLIC/STATE OF FLORIDA

My Commission Expires:



Patricia Ann Moore
My Commission CC738892
Expires June 14, 2002

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing was mailed this __12__ day of October, 2000, to the Office of the State Attorney, 201 Southeast Sixth Street, Fort Lauderdale, Florida 33301.

*Vincent Hunter*
VINCENT HUNTER, pro se
1208 NW 7 Street
#4
Ft. Lauderdale
3331